## J. R. CLYMER *v.* J. R. POWELL.

VENDOR AND VENDEE. *Bond for title. Action to recover possession. Transfer of notes and title. Defence.*

    P. sold a tract of land to C., giving his bond for title, and taking from C. three promissory notes for the purchase-money. C. thereupon went into possession of the land. After the maturity of the first note, C. having failed to pay the same, P. brought an action of unlawful detainer to recover the possession of the land. On the trial, C. offered to prove that, before any of the notes became due, P. had transferred them to L., and had also procured the legal title to the land to be vested in L. The court refused to admit any evidence of these facts. *Held,* that the evidence offered should have been admitted, and if it established the facts which the defendant proposed to prove, the plaintiff was not entitled to recover.

ERROR to the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

This is an action of unlawful detainer, brought by J. R. Powell against J. R. Clymer, before a justice of the peace, for the recovery of a certain tract of land. The case was appealed to the Circuit Court, and to the judgment there rendered the defendant sued out a writ of error. The other facts involved in the decision of the case are sufficiently stated in the opinion of the court.

*E. J. Bowers,* for the plaintiff in error.

By transferring the notes to Mrs. Lewis, and procuring the title to be conveyed to her, Powell parted with all the right to the land he ever had. The title draws with it the right of possession ; and Powell, having neither the right of title nor the right of possession when the action was commenced, is not entitled to recover. *James* v. *Rowan,* 6 Smed. & M. 402. The defendant should have been permitted to prove the transfer of the notes, and title of the land, to Mrs. Lewis. *Glenn* v. *Thistle,* 1 Cushm. 42 ; *Johnson* v. *Jones,* 13 Smed. & M. 580 ; *Brewer* v. *Harris,* 2 Smed. & M. 84 ; *Ellis* v. *Martin,* 2 Smed. & M. 187 ; *Parham* v. *Randolph,* 4 How. 435 ; *Davidson* v. *Moss,* 5 How. 673 ; *Davis* v. *Heard,* 44 Miss. 50 ; 39 Miss. 477 ; *Gilpin* v. *Smith,* 11 Smed. & M. 109 ; *Oswald*

v. *McGehee*, 28 Miss. 340 ; *Myers* v. *Estell*, 47 Miss. 4 ; *Wolf* v. *Johnson*, 30 Miss. 513.

*Jenkins & Little*, on the same side, filed a brief.

*E. J. Bowers*, of counsel for the plaintiff in error, argued the case orally.

*Garrett & Thomas*, for the defendant in error.

The evidence in relation to the want of title in Powell was properly excluded. A person may bargain to sell land to which he has no title, legal or equitable ; and when the time for performance comes, he can fulfil his contract by inducing him who has the title to convey to the vendee. *Rulland* v. *Brister*, 53 Miss. 686 ; *Champlin* v. *Dolson*, 13 Smed. & M. 553 ; 5 How. 542. Clymer, having recognized Powell's title by purchasing and taking possession thereunder, cannot now be permitted to controvert it. *Cromwell* v. *Croft*, 47 Miss. 60.

CAMPBELL, J., delivered the opinion of the court.

The question in this case is, whether Powell was, at the institution of this action, entitled to recover the possession of the land sued for. He had sold it to Clymer, taking his notes for the purchase-money, and gave him a bond for title. Before Clymer's first note became due, Powell transferred the notes and procured the legal title of the land to be vested in Mrs. Lewis. At least, we must so consider it, because Clymer offered to prove this, and the court excluded it. If it be true that the notes for the purchase-money, and the title of the land, which draws to it the right of possession, were transferred from Powell, he was not entitled to the possession of the land. He could not put an end to the contract of sale, because he did not hold the notes of Clymer. He could not demand payment of the notes, because he did not hold them, and was not entitled to payment. He was not entitled to possession of the land, because he had put his transferee of the notes and title in his place as to the land. All his rights were transferred.

Most of the evidence offered by defendant below was

properly excluded as having no pertinence to the issue, but evidence of the transfer of all his rights by Powell, before he sued, was admissible.

Judgment reversed, and case remanded for a new trial.